IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ESTELLE SMITH, as Personal Representative
of the Estate of ROBERT E. BOGGAN,
      Plaintiff,

v.                                 Case No. 3:05cv410/MCR/EMT

ESCAMBIA COUNTY SHERIFF'S OFFICE, et al.,
      Defendants.
_____/


## O R D E R

      This cause is before the court upon "Defendant, Lisa Whitlock's Motion to Compel Plaintiff's Complete Response to First Request for Production Number 2 and Signed Authorizations" (Doc. 63), Plaintiff's response thereto (Doc. 65), and Defendant's request for leave to reply to Plaintiff's response with incorporated reply (Doc. 66).

      First, Defendant requests that the court compel a complete response to Defendant's first interrogatories, number 2 (Doc. 63 at 2). Specifically, Defendant requests that Plaintiff provide the social security numbers and birth dates of the decedent's children (*id.*). Defendant argues that she "has the right to discover whether Plaintiff supported any minor children at the time of his death" and, therefore, the requested information is relevant and discoverable (*id.*). Plaintiff states that none of the decedent's children are minors and argues that private personal information concerning decedent's children is not reasonably calculated to lead to the discovery of admissible evidence (Doc. 65 at 2). Because counsel for Plaintiff, as an officer of the court, has represented that there are no minor children, Defendant has no need for the information (based upon Defendant's stated reason for requesting such information). Therefore, the court will not compel disclosure of the social security numbers and birth dates of the decedent's children.

Defendant also requests that the court compel Plaintiff to sign two authorizations, one for release of employment records from Celadon Trucking Company and one for release of medical records from Lakeview Center.  As Plaintiff points out, Defendant requested that Plaintiff sign the authorizations via correspondence, rather than pursuant to a request for production under Federal Rule of Civil Procedure 34, which would have been the procedurally proper method.  However, the court notes that Plaintiff originally led Defendant to believe her method of requesting the employment records was not objectionable and that the authorization would be signed (*see* Doc. 63, Exs. A, B).[1]  Further, the court notes that Plaintiff provided a signed IRS authorization because "in Plaintiff's counsel's experience the IRS does object to subpoenas" (Doc. 65 at 3).  Plaintiff's counsel should have also known that Lakeview would, and in fact did, object to Defendant's subpoena for mental health treatment records (*see* Doc. 66 at 2, Ex. B).  Nevertheless, Plaintiff contends that a signed authorization for Lakeview records is no longer necessary because Defendant has already been provided with a copy of Lakeview records by Plaintiff's counsel (Doc. 66 at 3-4).  However, Defendant maintains that she is entitled to obtain the records directly from Lakeview, instead of relying upon Plaintiff's counsel to provide copies of the records he obtained.

This court is troubled by what appears to be a continuing inability of the parties to simply exchange discoverable information and cooperate with one another in the preparation of this case for trial.  Although the court recognizes that matters will arise requiring court intervention, as reasonable minds can disagree on the interpretation of certain rules or the law may be unsettled in a particular area, the matters in the instant case that have necessitated the court's intervention seem to arise from other contexts.

Nevertheless, the court has carefully considered the arguments of counsel and finds as follows.  Plaintiff's counsel shall provide signed authorizations to defense counsel for release of decedent's employment records from Celadon Trucking Company and medical records from Lakeview Center.  The court is not unmindful that Defendant has the capacity to obtain employment records by subpoena (*see* Fed. R. Civ. P. 45); however, as noted above, Plaintiff's counsel gave

---

[1]Plaintiff now contends that the proper procedure is for Defendant to obtain the employment records by subpoena (Doc. 65 at 4).

Defendant no indication he objected to obtaining the records with a signed release and in fact indicated in January 2006 that he would obtain the release (Doc. 63, Ex. A).  At this juncture, the court believes the most expeditious way to obtain the records is by a release.  Moreover, this has been recognized as a legitimate means of discovering such information.  *See, e.g.*, Preservation Products, LLC v. Nutraceutical Clinical Laboratories International, Inc., (D.C. Ill. 2003) (request for statement made by party in possession of the Securities and Exchange Commission); Powell v. Merrimack Mutual Fire Insurance Co., 80 F.R.D. 431, 433 (N.D. Ga.1978) (request for documents in possession of Internal Revenue Service); Karlsson v. Wolfson, 18 F.R.D. 474, 476-77 (D. Minn. 1956) (request for tax returns in custody of federal, state, municipal, and foreign entities); Paramount Film Distributing Corp. v. Ram, 91 F.Supp. 778, 781-82 (E.D.S.C. 1950) (request for tax returns and bank records in custody of governmental agencies, banks, and third parties).  This court finds that such an order is within the power of the federal district court and is appropriate in the instant case, *see* FED. R. CIV. P. 34, despite the fact that the employer's records are otherwise discoverable by subpoena.  Furthermore, this court has broad discretion in managing pretrial discovery matters, Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)), and the Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action."  FED. R. CIV. P. 1.

As to the Lakeview records, Defendant has the right to obtain the records directly from Lakeview if she wishes, despite the fact that Plaintiff previously provided such records.  First, Defendant's subpoena may be more comprehensive than the request propounded by Plaintiff's counsel.  Second, unfortunately, both parties appear distrustful of one another, as is evidenced by Defendant's request to obtain the records directly from Lakeview and Plaintiff's earlier suggestions that Defendants may lose, accidentally edit, or "spill coffee" on relevant and discoverable evidence (*see* Doc. 44 at 3).  If Defendant obtains the evidence directly from Lakeview, there can be no allegations of wrongdoing by either party, at least regarding these records.  However, if Defendant obtains any records from Lakeview that were not previously provided by Plaintiff, she shall provide copies of those records to Plaintiff.  Similarly, Defendant shall provide copies of the decedent's employment records to Plaintiff.

Accordingly, it is **ORDERED**:

1.  Defendant's motion for leave to reply (Doc. 66) is **GRANTED**.

2.  Defendant's motion to compel (Doc. 63) is **GRANTED IN PART.**  The motion is **GRANTED** to the extent that Plaintiff shall sign authorizations for Defendant to obtain employment records from Celadon Trucking Company and medical records from Lakeview Center; however, Defendant shall provide copies of certain records to Plaintiff as outlined in this order.  The motion is **DENIED** to the extent that Plaintiff is not required to provide the dates of birth and social security numbers of decedent's children.

**DONE AND ORDERED** this 29th day of March 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**